FILED'08 AUG 19 12:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                   06-CR-20-BR

          Plaintiff,

                                            OPINION AND ORDER

v.

STEVEN WAYNE DIVINE,

          Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**DWIGHT C. HOLTON**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

          Attorneys for Plaintiff

**STEVEN WAYNE DIVINE**
#66992-065
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, AZ 85086-7055

          Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Steven Wayne Divine's Motion (#68) for Order Enjoining Federal Bureau of Prisons from Collecting FRP Obligation.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DIRECTS** the Clerk to transfer this matter to the District of Arizona for further proceedings.

## BACKGROUND

On October 3, 2003, Defendant was convicted in the Western District of Washington of seven counts for Bank Fraud in violation of 18 U.S.C. § 1344 and five counts for Uttering Forged Instruments in violation of 18 U.S.C. § 514(a)(1) and (a)(2). Defendant was sentenced to a term of 33 months imprisonment, and the court ordered Defendant to pay restitution of $35,411.02 through the Inmate Financial Responsibility Program (IFRP) during his incarceration.

In January 2006, Defendant was released from prison, and his supervised release was transferred to the District of Oregon. On February 20, 2007, the Court revoked Defendant's supervised release and sentenced Defendant to a term of 36 months imprisonment. Defendant is currently serving his sentence at the Federal Correctional Institution in Phoenix, Arizona.

On April 28, 2008, Defendant filed a Motion for Order

2 - OPINION AND ORDER

Enjoining Federal Bureau of Prisons from Collecting FRP

Obligation.


## DISCUSSION

Defendant asserts only the Court has the authority to set a

schedule of restitution payments while an inmate is in prison and

that authority cannot be delegated to the Bureau of Prisons

(BOP). *See United States v. Gunning*, 401 F.3d 1145 (9th Cir.

2005). Thus, Defendant seeks an order enjoining Arizona BOP

officials from collecting his restitution payments pursuant to

the IFRP and from retaliating against Defendant for filing his

Motion.

The government, however, contends this Court lacks

jurisdiction over Defendant's Motion. Specifically, the

government asserts Defendant's Motion challenges the conditions

of his confinement and, therefore, must be construed as a

petition for habeas corpus pursuant to 28 U.S.C. § 2241 and

brought in the United States District Court for the District of

Arizona where he is incarcerated.

"Generally, motions . . . that challenge the manner,

location, or conditions of a sentence's execution must be brought

pursuant to § 2241 in the custodial court." *Hernandez v.*

*Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(citations omitted).

Courts have concluded a defendant's challenge to participation in

3 - OPINION AND ORDER

the IFRP program is a challenge to the execution of his sentence
and, therefore, is cognizable under § 2241. *See, e.g., Geiger v.
Fed. Bur. of Prisons*, 487 F. Supp. 2d 1155, 1160 n.8 (C.D. Cal.
2007)(citing *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50
(9th Cir. 1998)(challenge to IFRP as improper intrusion on
sentencing court's authority may be brought under § 2241);
*Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002)("The
. . . claims of the petitioners challenging the IFRP's payment
schedule for their respective financial obligations . . . concern
the execution of [their] sentence[s], and are therefore correctly
framed as § 2241 claims brought in the district where the
sentence is being carried out."); *Mujahid v. Crabtree*, 999 F.
Supp. 1398, 1401-04 (D. Or. 1998)(a § 2241 petition is proper
when petitioner, who declined to participate in IFRP, challenges
IFRP requirements as conflicting with sentence and usurpation of
judicial authority)).

This Court finds Defendant's Motion concerns the execution
of his sentence and, therefore, is properly construed as a
Petition for Habeas Corpus under § 2241. As noted, however, a
Petition pursuant to § 2241 must be brought in the "custodial
court." *Hernandez*, 204 F.3d at 864. The Court, therefore,
concludes it lacks jurisdiction over this matter because
Defendant must bring his claim based on the execution of his
sentence under § 2241 in the District of Arizona. Accordingly,

4 - OPINION AND ORDER

the Court transfers this matter to the District of Arizona where
Defendant is incarcerated for further proceedings.

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#48)
for Order Enjoining Federal Bureau of Prisons from Collecting FRP
Obligation.  The Court **DIRECTS** the Clerk of Court to transfer
this matter to the District of Arizona for further proceedings.

IT IS SO ORDERED.

DATED this 19th day of August, 2008.

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER